**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHARLES D. MENSER, JR. | ) | Case No. 18-65681 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION FOR 2004 EXAMINATION OF PHYLLIS MENSER**

COMES NOW BC35, LLC (hereinafter "BC35"), a creditor in the above-styled bankruptcy proceeding, and applies to this Court for an order compelling the attendance of Phyllis Menser ("P. Menser") and any other representative of P. Menser with direct knowledge of any document or information requested herein of which P. Menser does not have knowledge, to appear at the offices of **Rogers Law Offices, 100 Peachtree Street, Suite 1950, Atlanta, Georgia 30303,** for an examination pursuant to Rule 2004 of the Bankruptcy Rules at **10:00 a.m. on the 7th day of December, 2018**, or at some other mutually agreed upon time and place. In support of this Motion, BC35 shows the Court the following:

1.     Debtor Charles D. Menser, Jr. filed a voluntary petition with the Court under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on September 19, 2018 (the "Petition Date").

2.     Debtor is indebted to BC35 because on June 11, 2018, BC35 obtained a judgment against the Debtor in that certain case styled as <u>BC35, LLC v. Charles D. Menser, Jr.</u>, State Court of Cobb County, Case No. 17-A-1201-5, on the First Note of unpaid principal in the amount of %1,152,374.25 and accrued interest in the amount of $134,808.17 through June 11, 2018, plus $128,743.23 in attorney's fees for a total judgment in the amount of $1,415,925.66 on

the First Note, and on the Second Note, unpaid principal in the amount of $27,969.05, $3,270.82 in interest and $3,148.98 in attorney's fees, for a total judgment amount of $34,388.85 on the Second Note, with interest accruing on the Judgment (the "Judgment").

3.      BC35 is a party in interest in this case because it is a creditor of Debtor.

4.      P. Menser is the spouse of the Debtor.

5.      Upon information and belief, P. Menser has further knowledge concerning the Debtor's (a) assets and liabilities; (b) interests in certain business entities, (c) potential claims against other parties, (d) property, (e) pre-petition acts and conduct (f) transfers of assets by the Debtor, or (g) other matters that may affect the administration of the Debtor's case (the "Required Information").

6.      Bankruptcy Rule 2004(a) provides, in part, that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bank. P. 2004(a).

7.      BC35's proposed 2004 Examination of P. Menser will be within the scope of Rule 2004 in that it will relate to the acts, conduct, or property or to the liabilities and financial condition of the Debtor, and into any matter which may affect the administration of the Debtor's estate or to the Debtor's right to a discharge.

8.      The deadline for filing complaints objecting to a discharge of the Debtor is December 16, 2018.

9.      A Rule 2004 examination is necessary, *inter alia*, to determine the nature of Debtor and the acts, conduct, property, liabilities and financial condition of Debtor, facts directly affecting administration of Debtor's estate, or the dischargeability of any of Debtor's obligations.

10. BC35 requests that this Court enter an order requiring P. Menser to produce at least five (5) business days prior to the examination all documents identified in the attached **Exhibit "A."**

11. BC35 requests that this Court enter an order requiring P. Menser to appear at the 2004 Examination and to testify regarding the matters described in the paragraphs above and regarding the information contained in the documents identified in the attached Exhibit "A" and to produce the documents identified in Exhibit "A."

WHEREFORE, BC35 respectfully requests that the Motion be granted and that the Court issue an Order compelling the attendance of Phyllis Menser pursuant to Federal Rules of Bankruptcy Procedure 2004 and compelling the production of the requested documents pursuant to applicable Bankruptcy Rules, Standing Orders, 11 U.S.C. § 521(e)-(f).

This 14th day of November, 2018.

**ROGERS LAW OFFICES**

*/s/ Beth E. Rogers*
Beth E. Rogers, Georgia Bar No. 612092
James F. F. Carroll, Georgia Bar No. 940350
The Equitable Building
100 Peachtree Street, Suite 1950
Atlanta, Georgia 30303
770-685-6320 phone
678-990-9959 fax
brogers@berlawoffice.com
*Attorneys for BC35, LLC*

## EXHIBIT "A"

## <u>DEFINITIONS</u>

1.      "Person" means any natural person, corporation, partnership, proprietorship, association, governmental entity, agency, group, organization, or group of persons.

2.      "Menser" or refers to Charles D. Menser, Jr., together with his attorneys, agents or representatives and any entity in which he holds an interest, direct or indirect.

3.      "P. Menser" or "you" refers to Phyllis Menser, together with her attorneys, agents or representatives and any entity in which she holds an interest, direct or indirect.

4.      "Menser Entities" refers to any of the following entities, or related persons, together with any other entity in which Menser or any of the Menser Entities hold or held any interest, direct or indirect:

Phyllis Menser
Menser & Company P.C.
Travel Concepts LLLP
Lot 710, LLC
1266 Moores Mill Road, LLC
Damascus 36, LLLP
Bibb 185, LLLP
Archer III, LLLP d/b/a St. Mary's Hotel, LLC
Archer I, LLLP
Lodge Atlanta, LLC
Archer Augusta LLC
Carrollton Village LLC
Campus Quad I LLC
Campus Quad II & III, LLC
Carrollton – 54, LLLP
Menser Family Partnership II, L.P.
Menser Family Trust
Highland Systems, Inc.
Stonewall Capital Partners, LLLP
St. Mary's Hotel, LLC
Archer Properties, LLLP
Stonewall Capital Partners II, LP
Highland Payroll Corporation
Arkansas Waffles, Inc.

Lodge America, LLC
2440 Howell Mill, LLC
Pascal, Inc.
The Alamo Corporation
ETO, LP
Chambers Technical Services, LLC
100 Oakmont, LLC
Hearth & Home Technologies, LLC
100 Oakmont Partners, LLLP
ES&G, Inc.
Progressive Cordele Service Corporation
Persimmon Creek Home Owners Association, Inc.
A & M Leasing, Inc.
Dome Parking Associates, LP
Tech Partners, LLC
Archer VII, LLC
Career Institutes of America, In.c
M&D Consulting Group, LLC
Shady Rest, Inc.
Carrollton Village II, LLC
P.J. Menser Family Partnership, LLLP
Wolf Creek Shooting Club, Inc.
North Atlanta Teen Center, Inc.
Falcon Hotel, Inc.
Atlanta Institute of Music, Inc.
Colorworld International, Inc.
Education Funding of Georgia, Inc.
Mayfair I Carrollton Partners, LLLP
Archer VI, LLLP
Career Institutes of America/Atlanta, Inc.
East Pacers Ferry Partners, LLLP
Gainesville-29 (A Georgia Limited Partnership)
Auto Masers Elite Services, Inc.
P.M.R., Inc.
Archer III LLP
AC Electrical Contractors, Inc.
Maynard H. Jackson Foundation, Inc.
Shady Rest Hotel, Inc.
Tech Parking Partners, LLC
BJB Ventures, LLC
Progressive Service Corporation
Surplus in Broxton, Inc.
CWC Manager, INC.
Antioch Two, LLC
DPC Management Co. LLC
Mile Hi. LLC

SPC Management Co. LLC
Campus Walk Carrollton, LLC
Mcash, LLC
Newton Partners, LLLP
A&M Leasing, Inc.
Quail Ridge Homeowners Association, Inc.
Campus Quad Carrollton II, LLC
Building 1600, LLC
Progressive Housing Foundation, Inc.
Dome Parking Company
SADC, LLC
Stonewall Capital Partners LLLP
Archer I GP, LLLP
Little Rock Motors, Inc.
1879 Manning Mill Farms, LLC
Archer IV LLLP
Positive Ventures, Inc.
Food-Man, Inc.
The Bluffs Community Association, Inc.
Southeast Capital Partners, LP
Business Georgia, Inc.
Garmon Ferry Partners LP
Johnson Investments LLLP
Newton-21, LLLP
North Atlanta Teen Center, Inc.
BB-BVI Carrollton, LLC
Archer I Advisory Committee, LLC

5.     "4422 Northeast Expressway" refers to that certain real property located 4422

Northeast Expressway, Doraville, Georgia 30340.

6.     "Burton Property" refers to that certain real property located 994 Burton

Mountain Road, Clarkesville, Georgia 30523.

7.     "Brookview Property" refers to that certain real property located at 4102

Brookview Drive, SE Atlanta, GA 300339.

8.     "Cumberland" refers to that certain real property located at 2255 Cumberland

Parkway, Building 1600, Suite 150, Atlanta, GA 30339.

9.      "Garmon Ferry Property" refers to that certain real property located at 1401 Garmon Ferry Road, Atlanta, Georgia 30327.

10.     "Bibb Property" refers to that certain real property described in that Limited Warranty Deed recorded at Deed Book 10006, Page 254, Clerk of Bibb County Superior Court records ("Bibb Warranty Deed").

11.     "Augusta Property" refers to that certain real property owned by Archer Augusta, LLC in Richmond County, Georgia, as further described in that certain security deed dated December 18, 2014, recorded at Deed Book 01467, Page 1402, Superior Court of Richmond County, Georgia records (collectively, 4422 Northeast Expressway, Burton Property, Brookview Property, Cumberland, Garmon Ferry Property, Bibb Property and Augusta Property are referred to herein as the "Menser Properties").

12.     "Account Statements" refers to those certain account statements or other itemized account activity reports, provided by any financial institution, including but not limited to, all return checks or copies or microfiche-type records of checks and deposits.

13.     As used herein, the term "Identify" or "Describe" or state the "Identity":

(a)     when used in reference to a natural person, shall mean to state his or her full name, complete home and business address, employer or business affiliation, and occupation and business position presently held;

(b)     when used in reference to a corporation, shall mean to state its full name, its state(s) of incorporation and its principal place of business;

(c)     when used in reference to a partnership, shall mean to state its full name, the names of each partner, and its principal place of business;

(d)      when used in reference to a person other than an individual, corporation or partnership, shall mean to state its official name, its organizational form, and its address;

(e)      when used in reference to an act, action or omission shall mean to state a description of the act, action or omission, the date(s) on which it occurred, where it occurred, the identity of the person or persons performing said act (or, in the case of an omission, the person or persons failing to act), the identity of all persons who have knowledge, information or belief about the act, when the act or omission first became known to you , and the circumstances and manner in which you  first obtained such knowledge;

(f)      when used in reference to an oral communication shall mean to state the date and nature of the communication, the identity of the communicator and communicate, the subject matter and substance of the communication, whether it was recorded or otherwise memorialized, and the identity of any witness thereto;

(g)      when used in reference to a document, shall mean to state the identity of the person(s) who prepared the document, the sender and recipient(s), if any, the title or a description of the general nature of its subject matter, the day of preparation, the location(s) of each copy and the identity of the present custodian(s), the contents of the document verbatim, and if a privilege is claimed, the specific basis thereof.

14.    As used herein, the term "Document" is used in its broadest sense and includes, without limitation, all items printed, recorded, filmed, reproduced by any process, written or produced by hand, whether an original master or copy, all agreements, communications, correspondence, notes, memoranda, summaries and minutes; records of telephone conversations, meetings and conferences; summaries and records of personal conversations or interviews; books; manuals; publications and diaries; contracts; agreements; deeds, assignments, working

papers; books of account; ledger books, note books; vouchers; bank checks; cashier's checks' receipts for cashier's checks; cancelled check stubs; bills; receipts; and any other information containing paper, writing or physical thing.

15.     The singular, plural, masculine, feminine, or neuter form of any noun or pronoun shall be read and be applied as including its other forms, as circumstances may make appropriate.

16.     As used herein, the terms "and" and "or" shall mean and/or.

17.     As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation, including relationship to other events.

## DOCUMENT REQUESTS

1.     All documents relating to any assets that Menser and/or the Menser Entities currently have or have had any interest in, including any personal property, bank accounts, accounts, real property, motor vehicles, or any other assets, and including, but not limited to, any transfers thereof, for the period commencing March 8, 2008 to the present.

2.     Any and all records, documents, memoranda and correspondence of all accounts, including but not limited to, monthly bank statements, canceled checks and deposit slips, for all accounts including checking and savings accounts with any banks, savings and loans, credit unions, money markets, brokerage firms or other financial institutions maintained by Menser and/or the Menser Entities, either individually and/or jointly with any other person or entity, for the period commencing March 8, 2008 to the present.

3.     Copies of monthly statements for each month of the past twelve (12) months showing charges and credits to Visa, MasterCard, American Express or other similar credit card issued to Menser and/or the Menser Entities.

4.      Any and all records, documents, memoranda and correspondence relating to evidence of property, and/or interest in property, of every kind and character whatsoever owned by Menser and/or the Menser Entities, individually or with any other person or entity, including but not limited to, any reversionary interests, deeds, stock certificates, bonds, notes, mutual fund shares, corporate agreements, partnership agreements, profit sharing and pension plan statements, savings account passbooks, savings certificates and money market accounts for the period commencing March 8, 2008 to the present.

5.      Any and all warranty deeds, quitclaim deeds and deeds to secure debt which name Menser and/or the Menser Entities as grantee or grantor, individually and/or jointly with any other person or entity, relating to real property in which Menser and/or the Menser Entities have, or had, any interest or equity for the period of March 8, 2008 to the present.

6.      Any and all documents relating to the transfer of any real property owned by Menser and/or the Menser Entities to anyone during the period of March 8, 2008 to the present.

7.      Any and all documents relating to the transfer of any personal property owned by Menser and/or the Menser Entities to anyone during the period of March 8, 2008 to the present.

8.      All documents relating to threats of litigation or the prosecution of litigation against Menser and/or the Menser Entities during the period of March 8, 2008 to the present.

9.      All documents relating to debts incurred by Menser and/or the Menser Entities during the period of March 8, 2008 to the present, including but not limited to Promissory Notes, Loans, or any other documents evidencing indebtedness.

10.      All documents relating to any payments to any lienholders on property in which Menser and/or the Menser Entities have, or had, any interest or equity for the period

commencing March 8, 2008 to present, including but not limited to, cancelled checks, receipts, account statements or any other documents.

11.     All documents relating to any payments to Menser and/or the Menser Entities related to any real property in which Menser and/or the Menser Entities have or had an interest, including but not limited to, cancelled checks, receipts, account statements or any other documents.

12.     Any and all records, documents, memoranda and correspondence, which evidence or relate to the ownership of any motor vehicles by Menser and/or the Menser Entities, including but not limited to, automobile tag registrations, certificates, automobile title certificates and/or recreational vehicle tag registrations, titles or certificates, naming Menser and/or the Menser Entities, individually or jointly with any other person or entity, for the period March 8, 2008 to the present.

13.     Any and all records, documents, memoranda and correspondence which reflect or relate to registrations, certificates or other evidence of ownership of any boats or aircraft in which Menser and/or the Menser Entities have, or had, any interest for the period commencing March 8, 2008 to the present.

14.     Any and all records, documents, memoranda, correspondence, stock certificates, bond certificates, mutual fund certificates and any other evidence of ownership of any interest in any corporation, partnerships, limited liability companies, fund, or trust fund, in which Menser and/or the Menser Entities holds any interest, individually or jointly with any other person or entity, for the period commencing March 8, 2008 to the present.

15.     A list of all contents of any and all safe deposit boxes maintained by Menser and/or the Menser Entities, individually or jointly, with any other person or entity, as of the date of service of this notice and exact location of such boxes.

16.     Any and all records, documents, memoranda and correspondence relating to any financial statements or net worth statements submitted by Menser and/or the Menser Entities to any bank, lending institution or any other entity for the period commencing March 8, 2008 to the present.

17.     Any and all records, documents, memoranda and correspondence received by Menser and/or the Menser Entities during the past five years from any real estate agent, attorney, accountant or other person whatsoever, notifying Menser and/or the Menser Entities of the value of Menser and/or the Menser Entities' interest in any corporation, trust, reversionary interest, estate or any property whatsoever or wherever located, whether real or personal.

18.     Any and all life insurance policies, certificates on the life of any person, and all statements or other documents reflecting cash and surrender values, and the balance of any and all loans paid in connection therewith, where Menser and/or the Menser Entities are named as a beneficiary or loss payee for the period commencing March 8, 2008 to the present.

19.     Any and all statements, documents, analyses, invoices, bills or summaries given to Menser and/or the Menser Entities by any stock broker or association of stock brokers, from whom Menser and/or the Menser Entities have bought stock or to whom Menser and/or the Menser Entities have sold stock, or with whom Menser and/or the Menser Entities have an account, for the period commencing March 8, 2008 to the present.

20.     Any and all documents, contracts, or proposed contracts relating to the sale or purchase of any property, goods or services by Menser and/or the Menser Entities for the period commencing March 8, 2008 to the present.

21.     Any and all documents, contracts or agreements relating to engaging Menser and/or the Menser Entities for personal services, including employment contracts, independent contractor agreements or consulting agreements for the period commencing March 8, 2008 to the present.

22.     Copies of any real estate tax bills, notices or assessments received by Menser and/or the Menser Entities for the period commencing March 8, 2008 to the present.

23.     Any and all records, documents, memoranda and correspondence relating to Menser and/or the Menser Entities' financial affairs, including but not limited to Menser and/or the Menser Entities' profit and loss statements, financial statements, account ledgers and balance sheets, for the period commencing March 8, 2008 to the present.

24.     Any and all records, documents, memoranda and correspondence relating to the financial affairs of any corporations or entities in which Menser and/or the Menser Entities have an ownership interest, including but not limited to, profit and loss statements, financial statements, account ledgers and balance sheets of such entity, for the period commencing March 8, 2008 to the present.

25.     Any and all bonds, coupons, notes, certificates of deposit, or other securities, instruments or choses in action owned by Menser and/or the Menser Entities, individually or jointly with any other person or entity for the period commencing March 8, 2008 to the present.

26.     Any and all copies of income tax returns, corporate tax returns, sales and use tax returns and/or intangible tax returns filed by Menser and/or the Menser Entities, individually or

jointly with any other person or entity with the federal, state or municipal governments, for the period commencing March 8, 2008 to the present.

27.     Any and all records, documents, memoranda and correspondence which relate to any assets owned, controlled or possessed by Menser and/or the Menser Entities for the period commencing March 8, 2008 to the present.

28.     Any and all records, documents, memoranda, correspondence, deeds, agreements, contracts or invoices relating to the purchase, sale, mortgage, encumbrance or transfer of any assets owned, controlled or possessed by Menser and/or the Menser Entities for the period March 8, 2008 to the present.

29.     Any and all records, documents, memoranda, correspondence, deeds, agreements, contracts or invoices pertaining to a leasehold or ownership interest in any real property currently held or previously held by Menser and/or the Menser Entities.

30.     All rent rolls, leases and copies of rent checks relating to any real properties owned by Menser and/or the Menser Entities from March 8, 2008 to the present.

31.     All documents evidencing Menser and/or the Menser Entities' current monthly income and expenses.

32.     All documents evidencing the value of any personal property or assets owned by Menser and/or the Menser Entities having a value of over $500.

33.     All documents relating to the transfer of any personal property or assets owned by Menser and/or the Menser Entities to any other person or entity having a value of over $500 from March 8, 2008 to the present.

34.     All documents relating to the transfer of any of Menser and/or the Menser Entities' interest in Menser and/or the Menser Entities' predecessor and/or successor entities.

35.     All documents relating to any debts owed to Menser and/or the Menser Entities.

36.     All documents relating to the income received by Menser and/or the Menser Entities from any source from March 8, 2008 to present.

37.     All documents related to any monies, remuneration or any other benefit paid, given, transferred or owed by You, the Menser Entities or any other person to Menser and/or the Menser Entities from March 8, 2008 to present, including, but not limited to, any real estate commissions.

38.     All documents related to Menser and/or the Menser Entities' organizational structure, including, but not limited to, Menser and/or the Menser Entities' predecessors, successors, shareholders, members, officers, and employees of those entities, and any other names or entities under which Menser and/or the Menser Entities have operated business.

39.     All documents related to the roles and duties of Menser and/or the Menser Entities' officers and employees.

40.     All documents related to or evidencing the period of time during which Menser and/or the Menser Entities, Menser and/or the Menser Entities' predecessors, and successors were operating and when they discontinued operations.

41.     All documents relating to Menser and/or the Menser Entities' assets or income, including, but not limited to, balance sheets, profit and loss statements, tax returns, and other financial statements from March 8, 2008 to the present.

42.     All documents relating to any assets that Menser and/or the Menser Entities, currently have or have had any interest in, including any personal property, bank accounts, accounts, real property, motor vehicles, or any other assets, and including, but not limited to, any transfers thereof, for the period commencing March 8, 2008 to the present.

43.     All documents relating to any bills or expenses of Menser paid by any other person for Menser's benefit, including, but not limited to, the source of any funds used by Menser or any other person to pay any bills or expenses of Menser.

44.     All documents relating to any tax refunds received by Menser or the Menser Entities, including the deposit of same, for the period commencing March 8, 2008 to the present.

45.     Any other documents related to the assets or financial condition of Menser and/or the Menser Entities.

46.     All documents relating to any of the Menser Properties, including, but not limited to any and all transfers of the Menser Properties.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CHARLES D. MENSER, JR. | ) | Case No. 18-65681 |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this date served a true and correct copy of the within and foregoing **Motion for 2004 Exam of Phyllis Menser** upon the following by ECF and/or having a copy of same placed in the United States Mail with adequate postage thereon and properly addressed as follows:

Edward F. Danowitz
Danowitz Legal, P.C.
300 Galleria Parkway SE
Suite 960
Atlanta, GA 30339-5949
*Attorney for Debtor*

Phyllis Menser
4102 Brookview Drive
Atlanta, GA 30339

US Trustee
Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Edwin K. Palmer
P.O. Box 1284

Decatur, GA 30031

This 14th day of November, 2018.

____/s/ Beth. E. Rogers_____
Beth E. Rogers